Joseph M.R. Covey (7492) (*jcovey@parrbrown.com*)
Thomas M. Melton (4999) *(tmelton@parrbrown.com*)
Claire M. McGuire (17678) (*cmcguire@parrbrown.com*)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750

*Attorneys for Jonathan O. Hafen, Receiver*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| JONATHAN O. HAFEN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>Peter W. Guyon, an individual; Peter W. Guyon PC Retirement Plan; Peter W. Guyon PC, Attorney at Law; Dr. Peter W. Guyon Jr.; Elisabeth Guyon; Bert and Catherine Van Uitert;<br><br>Defendants. | **STIPULATED MOTION TO APPROVE SETTLEMENTS WITH THE GUYON SETTLING PARTIES**<br><br>Case No. 1:23-cv-00074-TC-DBP<br><br>District Judge Tena Campbell<br><br>Chief Magistrate Judge Dustin B. Pead<br><br>Magistrate Judge Daphne A. Oberg (for settlement only) |

Jonathan O. Hafen, the Court-Appointed Receiver (the "Receiver") for the assets of Rust Rare Coin Inc., Gaylen Dean Rust, Denise Gunderson Rust, Joshua Daniel Rust, Aleesha Rust Franklin, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the "Receivership Defendants"), and Defendants Peter W. Guyon, Peter W. Guyon PC Retirement Plan, Peter W. Guyon PC Attorney at Law, Dr. Peter W. Guyon Jr., Elisabeth Guyon and Bert and Catherine Van Uitert (collectively, "Guyon"), respectfully request the Court's

approval of three settlements between Dr. Peter W. Guyon Jr., Elisabeth Guyon and Bert and Catherine Van Uitert (collectively, the "Guyon Settling Parties") and the Receiver.

I. <u>Background Information</u>.

On November 27, 2018, the Court entered an Order Appointing Receiver and Staying Litigation (the "Order"). *See* ECF No. 54. Pursuant to paragraphs 18 and 19 of the Order, the Receiver was authorized to take immediate possession of all non-exempt personal property and real property of the Receivership Defendants, other than the personal residence and associated real property of the Rusts. *See id.*, ¶ 18. Paragraph 41 of the Order authorized the Receiver to compromise receivership claims that, in his discretion, are advisable or proper to recover Receivership Property. *See id.*, ¶ 41.

The Receiver commenced this litigation against Guyon on June 21, 2023. The Complaint alleged that the Guyon Settling Parties received distributions from the Receivership Defendants, in excess of their investments with the Receivership Defendants. Pursuant to the authority granted by the Order, the Receiver negotiated a resolution of his claims against the Guyon Settling Parties. By this Motion, and consistent with the Order, the parties respectfully request the Court's approval of their settlement agreement, which approval is a necessary predicate to the effectiveness of their settlement agreement.

The Guyon Settling Parties are the children of Defendant Peter W. Guyon, an attorney who has practiced law in Utah since 1977 and who acted as the Receivership Defendants attorney for many years. The Guyon Settling Parties invested with the Receivership Defendants at varying levels and all received disbursements in excess of their investments. In August of 2015 Peter Guyon Jr. invested $2,000.00 with the Receivership Defendants, then from February 2016 to

November 2018 he received disbursements form the Receivership Defendants totally $34, 005.00 meaning that Peter Guyon Jr. received $32,005 in excess of his investments. Elisabeth Guyon never invested with the Receivership Defendants however she was the recipient of $34,010.00, meaning that Elisabeth Guyon received $34,010.00 in excess of her investments. In April of 2017 Bert and Catherine Van Uitert invested $10,000.00 with the Receivership Defendants, and from February 2016 until February 2016 Bert and Catherine Van Uitert received payment totaling $80,483.00 meaning that they received $70,483.00 in excess of their investments. The Guyon Settling Parties have disputed many of the Receivers' claims in this lawsuit. The Guyon Settling Partis have expressed that they are unable to pay the full amount the Receiver claims is owed without significant financial hardship, and the parties have reached this settlement accordingly.

II.  Proposed Settlement Agreement.

The parties have conducted discovery and have worked to resolve the litigation.  The parties understand the risks they face with their respective claims and defenses and the costs they would incur if the case proceeded to trial.  The Guyon Settling Parties have also asserted an inability to pay the full amount sought by the Receiver.

The Receiver and Peter Guyon Jr. entered into a settlement agreement (the "Jr. Settlement Agreement"), subject to court approval, wherein Peter Guyon Jr. has agreed to pay the Receivership Estate $25,604.00 (the "Jr. Settlement Amount") in settlement of the Receiver's claims against him.  A copy of the Jr. Settlement Agreement is attached hereto as Exhibit A.  The Receiver and Elisabeth Guyon entered into a settlement agreement (the "Elisabeth Settlement Agreement"), subject to court approval, wherein Elisabeth Guyon has agreed to pay the Receivership Estate $ 27,208.00 (the "Settlement Amount") in settlement of the Receiver's claims

against her.  A copy of the Elisabeth Settlement Agreement is attached hereto as <u>Exhibit B</u>. The Receiver and Bert and Catherine Van Uiterts entered into a settlement agreement (the "Van Uiterts Settlement Agreement"), subject to court approval, wherein Bert and Catherine Van Uiterts have agreed to pay the Receivership Estate $56,386.00 (the " Van Uiterts Settlement Amount") in settlement of the Receiver's claims against them.  A copy of the Settlement Agreement is attached hereto as <u>Exhibit C</u>.  The Guyon Settling Parties will pay the Receiver a total of $109,198.00 within 30 days of the if the Court approves of the settlements.

The Receiver believes the Settlement Agreements are in the best interest of the Receivership Estate in light of the disputes between the parties, Guyon Parties expressed inability to pay a judgment, and the expense of continued litigation and the Guyon Settling Parties good faith participation in mediation.

The Settlement Agreements provide that the parties will dismiss the Guyon Settling Parties following payment of all settlement payments.

Accordingly, the parties respectfully request that the Court approve the Settlement Agreements. A proposed Order is attached hereto as <u>Exhibit D</u>.

DATED this 24th day of October, 2025.


PARR BROWN GEE & LOVELESS, P.C.


  <u>/s/ Claire McGuire</u>
Joseph M.R. Covey
Thomas M. Melton
Claire M. McGuire
*Attorneys for Receiver*

PETER W. GUYON, P.C.


By: /s/ *Peter W. Guyon
    Peter W. Guyon
    *Attorney for Defendants*
    *(electronic signature added pursuant to
    permission received from counsel via email)

Case 1:23-cv-00074-TC-DBP   Document 90   Filed 10/24/25   PageID.2580   Page 6 of 6